UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

STEVON L. WALKER,

        Plaintiff,

v.

                                      Case No. 3:23-cv-1005-MMH-JBT

W. VAZQUEZ, et al.,

        Defendants.
_____

**<u>ORDER</u>**

Plaintiff Stevon L. Walker, a pretrial detainee at the Flager County Jail, initiated this action by filing a pro se civil rights Complaint under 42 U.S.C. § 1983. See Doc. 1. He names six Defendants – Sergeant W. Vazquez; Commander G. Davis; Deputy Cantell; Sheriff Rick Staly; City of Bunnell, Florida; and Flagler County. Id. at 5.

Though not a model of clarity, Walker asserts that on May 15, 2023, unnamed jail officials did not give Walker his dinner bag. Id. at 6. He asserts that when he filed a grievance complaining about the incident, Defendant Vazquez "[r]esponded to [his] [g]rievance . . . with [a] threat and didn't truly watch video footage" before responding. Id. According to Walker, a few days later, Defendant Davis advised Walker that officials reviewed the video footage and confirmed he did not receive his dinner and apologized. Id. Walker

contends Defendants actions violated his rights under the Fourth, Eighth, and Fourteenth Amendments, and he seeks monetary damages. Id. at 3, 8.

The Prison Litigation Reform Act (PLRA) requires the Court to dismiss this case at any time if the Court determines that the action is frivolous, malicious, fails to state a claim upon which relief can be granted or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. §§ 1915(e)(2)(B); 1915A. "A claim is frivolous if it is without arguable merit either in law or fact." Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001) (citing Battle v. Cent. State Hosp., 898 F.2d 126, 129 (11th Cir. 1990)). A complaint filed in forma pauperis which fails to state a claim under Federal Rule of Civil Procedure 12(b)(6) is not automatically frivolous. Neitzke v. Williams, 490 U.S. 319, 328 (1989). Section 1915(e)(2)(B)(i) dismissals should only be ordered when the legal theories are "indisputably meritless," id. at 327, or when the claims rely on factual allegations which are "clearly baseless." Denton v. Hernandez, 504 U.S. 25, 32 (1992). "Frivolous claims include claims 'describing fantastic or delusional scenarios, claims with which federal district judges are all too familiar.'" Bilal, 251 F.3d at 1349 (quoting Neitzke, 490 U.S. at 328). Additionally, a claim may be dismissed as frivolous when it appears that a plaintiff has little or no chance of success. Id. As to whether a complaint "fails to state a claim on which relief may be granted," the language of the PLRA mirrors the language of Rule 12(b)(6), Federal Rules of Civil Procedure,

2

and therefore courts apply the same standard in both contexts.[1] Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997); see also Alba v. Montford, 517 F.3d 1249, 1252 (11th Cir. 2008).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) the defendant deprived him of a right secured under the United States Constitution or federal law, and (2) such deprivation occurred under color of state law. Salvato v. Miley, 790 F.3d 1286, 1295 (11th Cir. 2015); Bingham v. Thomas, 654 F.3d 1171, 1175 (11th Cir. 2011) (per curiam); Richardson v. Johnson, 598 F.3d 734, 737 (11th Cir. 2010) (per curiam). Moreover, under Eleventh Circuit precedent, to prevail in a § 1983 action, a plaintiff must show "an affirmative causal connection between the official's acts or omissions and the alleged constitutional deprivation." Zatler v. Wainwright, 802 F.2d 397, 401 (11th Cir. 1986) (citation omitted); Porter v. White, 483 F.3d 1294, 1306 n.10 (11th Cir. 2007).

Under the Federal Rules of Civil Procedure, a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. (8)(a)(2). In addition, all reasonable inferences should be drawn in favor of the plaintiff. See Randall v. Scott, 610 F.3d 701,

---

[1] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

705 (11th Cir. 2010). Nonetheless, the plaintiff still must meet some minimal pleading requirements. Jackson v. BellSouth Telecomms., 372 F.3d 1250, 1262-63 (11th Cir. 2004). Indeed, while "[s]pecific facts are not necessary[,]" the complaint should "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (per curiam) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Further, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). While not required to include detailed factual allegations, a complaint must allege "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id.

A "plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" Twombly, 550 U.S. at 555 (internal quotations omitted); see also Jackson, 372 F.3d at 1262 (explaining that "conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal" (original alteration omitted)). Indeed, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions[,]"

4

which simply "are not entitled to [an] assumption of truth." Iqbal, 556 U.S. at 678, 680. In the absence of well-pled facts suggesting a federal constitutional deprivation or violation of a federal right, a plaintiff cannot sustain a cause of action against the defendant.

The Court must read Walker's pro se allegations in a liberal fashion. Haines v. Kerner, 404 U.S. 519 (1972). And, while "[p]ro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed," Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998), "'this leniency does not give the court a license to serve as de facto counsel for a party or to rewrite an otherwise deficient pleading in order to sustain an action.'" Campbell v. Air Jamaica Ltd., 760 F.3d 1165, 1168-69 (11th Cir. 2014) (quoting GJR Invs., Inc. v. Cnty. of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998) (citations omitted), overruled in part on other grounds as recognized in Randall, 610 F.3d at 709).

Liberally read, Walker's Complaint fails to state a plausible § 1983 claim. Although Walker's claim technically arises under the Fourteenth Amendment because he is a pretrial detainee rather than a convicted prisoner, it is "evaluated under the same standard as a prisoner's claim of inadequate care under the Eighth Amendment." Dang ex rel. Dang v. Sheriff, Seminole Cnty. Fla., 871 F.3d 1272, 1279 (11th Cir. 2017). To state a claim that his conditions of confinement violated the Eighth Amendment, Walker must allege prison

5

officials were deliberately indifferent to conditions that were "sufficiently serious." Chandler v. Crosby, 379 F.3d 1278, 1288 (11th Cir. 2004) ("The 'cruel and unusual punishments' standard applies to the conditions of a prisoner's confinement."). Conditions of confinement are sufficiently serious under the Eighth Amendment only if they are so extreme that they expose the prisoner to "an unreasonable risk of serious damage to his future health or safety." Id. at 1289.

Here, Walker alleges an unspecified individual deprived him of a single meal on a single day. But Walker does not allege a named Defendant participated in this denial or was otherwise connected to that event. Also, and likely of more import, the deprivation of one meal on one day is not a constitutional violation, "especially where there is no suggestion that [Walker] suffered any adverse physical effects or that his health was jeopardized as a result of the single deprivation." Solomon v. Dep't of Fin. Serv., No. 5:11cv208/MCR/CJK, 2012 WL 1700838, at *2 (N.D. Fla. Apr. 9, 2012) (collecting cases), rep. & recommendation adopted by, 2012 WL 1700710, at *1 (N.D. Fla. May 15, 2012)[2]; see also Hoever v. Belleis, 703 F. App'x 908, 911

---

[2] The Court notes that although decisions of other district courts are not binding, they may be cited as persuasive authority. See Stone v. First Union Corp., 371 F.3d 1305, 1310 (11th Cir. 2004) (noting that, "[a]lthough a district court would not be bound to follow any other district court's determination, the decision would have significant persuasive effects.").

6

(11th Cir. 2017) (finding that the plaintiff did not state a plausible Eighth Amendment claim because he "did not assert that missing one meal worsened his health").³ Indeed, "[u]nder the Eighth Amendment, a prisoner [is] only [] entitled to reasonably adequate food." Hernandez v. Fla. Dep't of Corr., 281 F. App'x 862, 865 (11th Cir. 2008) (citing Hamm v. DeKalb Cnty., 774 F.2d 1567, 1575 (11th Cir. 1985)). "[F]eeding a prisoner a minimal amount of food for a limited number of days" does not violate the Eighth Amendment. Id. (citing Novak v. Beto, 453 F.2d 661, 665, 668 (5th Cir. 1971) (finding no Eighth Amendment violation when a prisoner in solitary confinement was on a 15-day restrictive diet, consisting of 2 slices of bread per day, unlimited water, and a full meal every 3 days)). Likewise, to the extent that Walker premises any claim on a Defendant's alleged threats, such allegations do not state a constitutional violation. See Hernandez, 281 F. App'x at 866 ("[V]erbal abuse alone is insufficient to state a constitutional claim."). Thus, the conditions Walker describes do not rise to the level of cruel and unusual punishment, and this case is due to be dismissed.

---

³ The Court does not rely on unpublished opinions as binding precedent; however, they may be cited in this Order when the Court finds them persuasive on a particular point. See McNamara v. GEICO, 30 F.4th 1055, 1060-61 (11th Cir. 2022); see generally Fed. R. App. P. 32.1; 11th Cir. R. 36-2 ("Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority.").

Accordingly, it is

**ORDERED AND ADJUDGED:**

1. This case is **DISMISSED without prejudice.**

2. The **Clerk** shall enter judgment dismissing this case without prejudice, terminate any pending motions, and close the file.

**DONE AND ORDERED** at Jacksonville, Florida, this 12th day of October, 2023.

**MARCIA MORALES HOWARD**
United States District Judge

Jax-7

C: Stevon Walker, #325019